**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000333
19-MAR-2026
07:48 AM
Dkt. 78 SO**

NO. CAAP-24-0000333

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


UMB BANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY,
BUT SOLELY AS LEGAL TITLE TRUSTEE FOR LVS TITLE TRUST XIII,
Plaintiff-Appellee,
v.
SA TUPULUA; GLADYS ULU TUPULUA, Defendants-Appellants,
and CITI BANK (SOUTH DAKOTA), N.A.; NOHOKAI AT SEA COUNTRY,
Defendants-Appellees,
and DOES 1-20, inclusive, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC151000083)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Hiraoka and McCullen, JJ.)

This mortgage foreclosure case went to trial. The Circuit Court of the First Circuit entered findings of fact, conclusions of law, a foreclosure decree, and the *Judgment* for **UMB** Bank, N.A., on March 28, 2024.[1] Sa **Tupulua** and Gladys Ulu **Tupulua** appeal. We affirm.

UMB's predecessor in interest, **Wells Fargo** Bank, sued the Tupuluas and others to foreclose a **Mortgage** on **Property** in

---

[1] The Honorable James H. Ashford presided.

Waiʻanae, Oʻahu. UMB unsuccessfully moved for summary judgment five times. Its "Fourth Renewed" motion was denied after the Circuit Court ruled there was a genuine issue about whether the Tupuluas were provided with notice of, and an opportunity to cure, their default.

After a jury-waived trial on partially stipulated facts, the Circuit Court found that Wells Fargo notified the Tupuluas of their default and opportunity to cure by letter, and the Tupuluas received the letter, before the foreclosure action was filed.

The Tupuluas do not claim trial error; they argue only that UMB failed to show Wells Fargo had possession of the Note when the foreclosure complaint was filed. "[A] foreclosing plaintiff must establish its standing to bring a lawsuit at the commencement of the proceeding[.]" Deutsche Bank Nat'l Tr. Co. v. Yata, 152 Hawaiʻi 322, 335, 526 P.3d 299, 312 (2023) (quoting U.S. Bank Tr., N.A. v. Verhagen, 149 Hawaiʻi 315, 327, 489 P.3d 419, 431 (2021)).

The day before trial, the parties signed and submitted a *Joint Stipulation as to Facts for Trial*. The Circuit Court accepted "the same as if the Court had made express findings of fact as to the same." The stipulation stated:

> 6. Prior to the commencement of this foreclosure action, the Note was indorsed "in blank" and the original of the Note (with the indorsement "in blank") was delivered to and held by Wells Fargo Bank, N.A., which was the Plaintiff at the time this foreclosure action *was commenced*. [UMB] is the *current* holder of the Note, which is secured by the Mortgage.

Six days after the trial, the parties signed and submitted an *Amended Joint Stipulation as to Facts for Trial.* Paragraph no. 6 of the amended stipulation was the same as the

original.  The Circuit Court accepted the amended stipulated facts "as if the Court had made express findings of fact as to the same."

"In an equitable foreclosure proceeding, a trial court should enforce the terms of a stipulation unless doing so would be inequitable."  Provident Funding Assocs. v. Gardner, 149 Hawaiʻi 288, 300, 488 P.3d 1267, 1279 (2021).  Without the stipulation, UMB would have to call a qualified witness to testify that Wells Fargo had possession of the original indorsed-in-blank note when its complaint was filed.  It would be inequitable to *not* enforce the stipulation.

The March 28, 2024 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, March 19, 2026.

On the briefs:

Keith M. Kiuchi,
for Defendants-Appellants
Sa Tupulua and
Gladys Ulu Tupulua.

Matthew P. Holm,
for Plaintiff-Appellee
UMB Bank, N.A., not in
its individual capacity,
but solely as legal title
trustee for LVS TITLE
TRUST XIII.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge